Law Library

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, ) | CRIMINAL CASE NO. CM0026-11 |
| ) | |
| vs. ) | |
| ) | DECISION AND ORDER |
| ) | |
| FAKSEN SELLEM, ) | |
| D.J. LOUIS, ) | |
| KARNETSON LOUIS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter came before the HONORABLE VERNON P. PEREZ on November 15, 2011 on Defendant's Motion to Dismiss. Attorney Raymond B. Ilagan represented Defendant Faksen Sellem, who was present. Attorney Thomas J. Fisher represented Defendant D.J. Louis, who was present. Attorney Leevin T. Camacho represented Defendant Karnetson Louis, who was present. Attorney James C. Collins appeared on behalf of the Government. Having reviewed the pleadings, the arguments presented and the record, the Court now issues the following Decision and Order.

## BACKGROUND

All remaining Defendants are charged with 10 counts of Illegal Harvesting of Other Marine Invertebrates Including Holothurian and Echinoderms as Misdemeanors. Defendant Sellem requests dismissal as he argues that the time from the filing of the criminal complaint against him to the time he was arraigned was in violation of the Prompt Arraignment Rule recently handed down by the Supreme Court of Guam in *People v. Rasauo*, 2011 Guam 14 (hereinafter "*Rasauo II*"). Defendants D.J. Louis and Karnetson Louis have joined in the Motion. The relevant dates related to the Motion to Dismiss are the same for all remaining Defendant and this Decision and Order shall reflect such. The case was already dismissed as to a fourth charged codefendant.

## DISCUSSION

The Defendants argue, through Defendant Sellem, that this case be dismissed for violation of the rule put forth in *Rasauo II. See also* 8 GCA §60.10. The recent Supreme Court

*People v. Faksen Sellem, D.J. Louis and Karnetson Louis*
Decision and Order (Motion to Dismiss)
Criminal Case No. CM0026-11          - Page 1 of 4 -

decision *Rasauo II* requires dismissal where a defendant is not arraigned within 60 days of the date of filing of a formal criminal complaint  Yet, as the Government argues, delay in arraignment may be excused where "good cause" is shown. *Id.* at ¶14.  In *Rasauo II*, the Guam Supreme Court found that delay created from the Government choosing to continue with a separate charge before proceeding on a second crime was not good cause delay.  Here, the Government alleges that their office was not negligent in dealing with the Defendants and did the most that it could do to expedite proceedings against the Defendants.  The Government believes that good cause delay exists where the courts are at fault for setting first appearance hearings beyond 60 days from a formal complaint.  In furtherance of that contention, the Government puts forth that the *Rasauo II* decision is focused on prosecutorial delay and does not apply the same strict standards for all Government agencies affiliated with criminal proceedings that exist for the Speedy Trial Right. 8 GCA § 80.60.  On the other hand, the Defendants argues that even the Court and its officers are subject to the Prompt Arraignment Right defined in *Rasauo II.*  That is the crux of the issue before the Court now.  Does good cause delay exist where the Court system does not get a defendant to arraignment until 60 days after the complaint was filed?

The Defendants argue that the Supreme Court, in *Rasauo II,* aligned prompt arraignment with the Speedy Trial Right by applying the same 60 day standard.  The Defendants cites to another Guam Supreme Court decision which the *Rasauo II* Court also quoted.  In *People v. Stephen,* the Court stated that prompt arraignment is "a statutory expression of the speedy trial right. 2009 Guam 8 ¶32.  The Defendants argue that in dismissal motions arising from a violation of the Speedy Trial Right, the courts may also be responsible for the violation.  In Speedy Trial Right violations, the remedy is the same as if the Government created the delay, which is at minimum dismissal when no good cause is found.  The Defendants conclude by arguing that if the Supreme Court intended to align prompt arraignment with the Speedy Trial Right, the standards applying to the Speedy Trial Right also apply.

The Government argues that the intent behind *Rasauo II* was not to ensure that the courts promptly place all hearings for a defendant's arraignment within 60 days.  The Government contends that the Guam Supreme Court meant only to deter prosecutorial delay.  In addition, the

*People v. Faksen Sellem, D.J. Louis and Karnetson Louis*
Decision and Order (Motion to Dismiss)
Criminal Case No. CM0026-11                    - Page 2 of 4 -

Government claims that it would be unreasonable to ask that the calendar for many courts be subject to a 60 day window for arraignments of criminal defendants. This Court interprets the *Rasauo II* decision such that the lower courts are required to adjust their calendaring procedures in accordance with the Prompt Arraignment Rule put forth in *Rasauo II*.

The Court finds no relevant controlling precedent in case law to base its decision, but finds it abundantly clear that the Supreme Court did imply that the courts are also responsible for ensuring prompt arraignment. That intent is clear considering the Guam Supreme Court declaring that "this principle is directly embodied in our statutory framework" and quoting 8 GCA §80.50(a) directly after that statement, which provides:

> the welfare of the people of the territory of Guam requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time, and it shall be the duty of all courts and judicial officers and of all prosecuting attorneys to expedite such proceedings to the greatest degree that is consistent with the ends of justice. (2010).

Therefore, the Supreme Court made it clear that it intended the Superior Court and its officers to be subject to the Prompt Arraignment Rule put forth in *Rasauo II*. Here, there were more than 60 days from Complaint to arraignment and the Court created delay can require dismissal if there is no good cause shown. The issue now becomes whether there was good cause for delay that the Court and its officers created in arraigning the Defendants?

The Police filed a Notice to Appear, which each Defendant signed, requiring the Defendants be present at a hearing on July 27, 2011. The complaint was filed January 12, 2011 which was the same day the Defendants each signed and received their respective Citation and Notice to Appear. The Court also issued a summons on April 1, 2011 to the Defendants to appear June 22, 2011. It was never possible for the Defendants to be arraigned less than 60 days after the complaint. Using either the June 22, 2011 or the July 27, 2011 date, the Defendants could not be arraigned within 60 days. Here, the Court placed the arraignment date beyond the 60 day limit, there was never an opportunity for the Defendants' arraignment to comply with *Rasauo II*.

No further discussion is warranted in this matter. The criminal procedure in this case was doomed from the very inception as the Government and Court system can both lead to dismissal

*People v. Faksen Sellem, D.J. Louis and Karnetson Louis*
Decision and Order (Motion to Dismiss)
Criminal Case No. CM0026-11                    - Page 3 of 4 -

of a criminal case where arraignment was more then 60 days from the date of the complaint. The Defendants waere not arraigned within 60 days from the filing of the complaint and no good cause can be found to exist that would excuse the delay. This Court will dismiss this matter without prejudice as the Court does not find the Office of the Attorney General to be responsible for the delay created by the Superior Court.

### CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendants' Motion to Dismiss.

So **ORDERED** this 23rd day of February, 2012.

Original Signed By:
**HON. VERNON P. PEREZ**

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

FEB 2 3 2012

Jacqueline S.C. Terlaje
Deputy Clerk, Superior Court of Guam

/ /

/ /

/ /

/ /

/ /

/ /

*People v. Faksen Sellem, D.J. Louis and Karnetson Louis*
Decision and Order (Motion to Dismiss)
Criminal Case No. CM0026-11                    - Page 4 of 4 -